USDC SCAN INDEX SHEET











DOE

MUNICIPAL COURT

CAG    2/19/98    14:50
3:98-CV-00272
*2*
*O.*

FILED

FEB 1 9 1998

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE <br><br> Petitioner, <br><br> vs. <br><br> MUNICIPAL COURT OF CALIFORNIA, <br> SAN DIEGO JUDICIAL DISTRICT, <br><br> Respondent. | Civil No.   98-0272-JM (POR) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES** |

Petitioner, proceeding pro se, has paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1994), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996).

## FAILURE TO EXHAUST STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a petitioner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state

2

1  courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,

2  they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United</u>

3  <u>States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner

4  wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law</u>

5  <u>guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state

6  court." <u>Id.</u> at 366 (emphasis added).

7      Here, it is clear from the face of the Petition that Petitioner has not exhausted state

8  judicial remedies; nor has Petitioner presented any exceptional circumstances to excuse his

9  failure to exhaust state judicial remedies.  <u>See Granberry</u>, 481 U.S. at 134.

10      Further, the Court cautions Petitioner that under the newly enacted Antiterrorism and

11  Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period

12  of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

13  to the judgment of a State court.  The limitation period shall run from the latest of:

14          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
15          such review;

16          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
17          United States is removed, if the applicant was prevented from filing
            by such State action;

18
            (C) the date on which the constitutional right asserted was
19          initially recognized by the Supreme Court, if the right has been
            newly recognized by the Supreme Court and made retroactively
20          applicable to cases on collateral review; or

21          (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
22          of due diligence.

23  Act § 101, Pub. L. No. 104-132, 110 Stat. 1214, 1217 (to be codified at 28 U.S.C.

24  § 2244(d)(1)(A)-(D)).

25      The Court also notes that: "The time during which a properly filed application for State

26  post-conviction or other collateral review with respect to the pertinent judgment or claim is

27  pending shall not be counted toward any period of limitation under this subsection." <u>Id.</u> (to be

28  codified at § 2244(d)(2)).

1   Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

2   habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

3   it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

4   § 2254.  Here, it is plain from the Petition that Petitioner is not presently entitled to federal

5   habeas relief because he has not exhausted state court remedies.

6   Further, the Court **DISMISSES** this case without prejudice to filing of a new habeas

7   corpus action after available state judicial remedies are exhausted.  Petitioner is advised that

8   once he has exhausted his state court remedies, he should start over by filing a completely new

9   habeas petition in this Court because this case is dismissed and therefore, the docket number is

10  closed.  See In re Turner, 101 F.3d 1323 (9th Cir. 1997).  The Clerk shall close the file.

11  **IT IS SO ORDERED.**

12

13  DATED: 2/18/98

14                                JEFFREY T. MILLER
                                  United States District Judge

15

16

17  CC:      ALL PARTIES

18

19

20

21

22

23

24

25

26

27

28